**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **RODERICK SIMS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 12 C 9534 |
| | ) | |
| **CITY OF CHICAGO**, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Just under 15 months ago Roderick Sims ("Sims") filed an articulate pro se Complaint charging a substantial number of defendants -- the City of Chicago, two if its emergency medical technicians, two of its police officers and McDonald's Corporation ("McDonald's")[1] -- with asserted violations of his constitutional rights. This Court promptly granted Sims' In Forma Pauperis Application and issued its customary initial scheduling order.

Regrettably Sims has failed to pursue his lawsuit as he should. It was not until the first anniversary of the incident sued upon that he filed his Complaint, and it was more than nine months later (in September of last year) that:

1. he responded to McDonald's motion for summary judgment by conceding that the movant had no liability for his claimed injury and

2. he offered no real opposition to the September 17, 2013 joint motion of the other defendants that charged him with want of prosecution and with

---

[1] Unidentified "John Does, 1 through 5" are also labeled as defendants in the caption of Sims' Complaint.

the failure to comply with his obligations in connection with their discovery requests. In response to that motion on its September 27 presentment date, this Court denied defendants' request for dismissal of the action for want of prosecution but granted their motion to compel Sims to respond to their outstanding written discovery requests.

Four months later counsel for the four individual defendants found it necessary to file another motion, this time seeking to compel Sims to answer several areas of deposition questions as to which his refusal to respond was plainly arbitrary. Sims did not appear at the noticed-up January 29, 2014 presentment date of that motion, and this Court granted the motion orally and reset the previously scheduled February 14 status hearing date to February 26.

But then on February 18 this Court received from Sims a brief typewritten "notice of motion hearing" stating that "due to family members medical complications" he could not attend the rescheduled February 26 hearing, that he would be "returning to Chicago, Illinois the week of March 17" and that he would be "available to appear in court on March 21, 2014." Of course neither litigants nor their lawyers are entitled to set status hearing dates on their own, for they have no knowledge of this Court's other calendar commitments or of other case management considerations. This time, however, this Court will accommodate Sims' request if defense counsel confirm that they have no objection to the resetting and that they are available at 8:45 a.m. March 21 -- but Sims is advised that the solicitude extended by this Court in the past and in this memorandum order is a matter of grace and not entitlement.

                                             /s/ William D. Shadur
                                             Milton I. Shadur
Date: February 24, 2014                  Senior United States District Judge